SIDLEY AUSTIN LLP
Lee S. Attanasio
Alex R. Rovira
Debra W. Minoff
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Attorneys for the Petitioner

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
In re                                                    :
                                                         : Chapter 15
Petition of David McGuigan, as foreign                   :
representative of                                        : Case No. 10-14990 (___)
                                                         :
Allianz Global Corporate & Specialty (France)            :
                                                         :
Debtor in a Foreign Proceeding.                          :
--------------------------------------------------------- x
--------------------------------------------------------- x
In re                                                    :
                                                         : Chapter 15
Petition of David McGuigan, as foreign                   :
representative of                                        : Case No. 10-14991 (___)
                                                         :
Allianz IARD                                             :
                                                         :
Debtor in a Foreign Proceeding.                          :
--------------------------------------------------------- x
--------------------------------------------------------- x
In re                                                    :
                                                         : Chapter 15
Petition of David McGuigan, as foreign                   :
representative of                                        : Case No. 10-14992 (___)
                                                         :
Delvag Luftfahrtversicherungs-AG                         :
                                                         :
Debtor in a Foreign Proceeding.                          :
--------------------------------------------------------- x

```
------------------------------------------------------- x
In re                                                   :
                                                        :  Chapter 15
Petition of David McGuigan, as foreign                  :
representative of                                       :  Case No. 10-14993 (___)
                                                        :
Nürnberger Allgemeine Versicherungs-AG                  :
                                                        :
Debtor in a Foreign Proceeding.                         :
------------------------------------------------------- x
```

**MOTION FOR ORDER DIRECTING JOINT
ADMINISTRATION OF CHAPTER 15 CASES PURSUANT TO 11 U.S.C. § 1521**

David McGuigan, (the "Petitioner"), as the duly appointed foreign representative, as defined in section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), of Allianz Global Corporate & Specialty (France) (formerly known as Compagnie d'Assurances Maritimes Aeriennes et Terrestres when writing direct insurance and reinsurance business in the CUAL Pool, and hereinafter "Allianz Global"), Allianz IARD (formerly known as Assurances Générales de France I.A.R.T. when writing direct insurance and reinsurance business in the CUAL Pool, and hereinafter "Allianz IARD"), Delvag Luftfahrtversicherungs-AG ("Delvag") and Nürnberger Allgemeine Versicherungs-AG ("Nürnberger") (each a "Scheme Company" or "Debtor" and together, the "Scheme Companies" or "Debtors"), by his United States counsel, Sidley Austin LLP, as counsel to the foreign representative of each of the Scheme Companies, hereby moves this Court (the "Motion") pursuant to section 105(a) of the Bankruptcy Code and rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order directing the joint administration of the Chapter 15 Cases (as defined herein) and the consolidation thereof for procedural purposes only. In further support of the Motion, the Petitioner respectfully states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated

July 10, 1984.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

       2.       Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

       3.       The statutory bases for the relief sought herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b).

## BACKGROUND

       4.       By letters dated December 10, 2009, Allianz IARD, Delvag and Nürnberger each appointed the Petitioner as their foreign representative for the purposes of the Chapter 15.  Allianz Global appointed the Petitioner as its foreign representative for that purpose on December 11, 2009.  On December 17, 2009 the High Court of Justice of England and Wales (the "English Court") made an Order which declared, affirmed and certified that the Petitioner had been duly appointed as, and is, the foreign representative of the Scheme Companies and thereby authorized to seek ancillary assistance of this Court to aid in the implementation of the schemes of arrangement (the "Schemes") pursuant to Part 26 of the Companies Act 2006 (England).  On July 9, 2010, upon notice and hearing, the English Court sanctioned the Schemes.

       5.       On September 22, 2010 (the "Petition Date"), the Petitioner, as the duly appointed and authorized foreign representative of the Scheme Companies, commenced the above-captioned chapter 15 cases  (the "Chapter 15 Cases") by filing an Official Form Petition (the "Petition") for each of the Scheme Companies contemporaneously with, and accompanied by, all certifications, statements, lists and documents, pursuant to sections 1504 and 1515 of the Bankruptcy Code, seeking recognition of foreign proceedings, and requesting a permanent injunction and other related relief.

       6.       Additional background concerning the basis for the above-captioned cases is set forth in the Declaration of David McGuigan in Support of the Verified Petition Under Chapter 15 for Recognition of Foreign Proceedings (the "Petition") and Motion for Permanent Injunction and Order (the "McGuigan Declaration"), filed contemporaneously herewith and incorporated by reference as if fully set forth herein.

## RELIEF REQUESTED

7. By this Motion, the Petitioner seeks entry of an order directing the joint administration of the Debtors' Chapter 15 Cases and the consolidation thereof for procedural purposes only, pursuant to Bankruptcy Rule 1015(b).

8. Many of the motions, applications, hearings and orders that will arise in these Chapter 15 Cases will jointly affect each Debtor. For this reason, the Petitioner respectfully submits that the interests of the Scheme Companies, their respective creditors and other parties- in- interest would be best served by the joint administration of these Chapter 15 Cases. In order to optimally and economically administer the pending Chapter 15 Cases, such cases should be jointly administered, for procedural purposes only, under the case number assigned to Debtor Allianz Global Corporate & Specialty (France).

9. The Petitioner also requests that the Clerk of the Court maintain one file and one docket for these Chapter 15 Cases, which file and docket shall be the file and docket for Allianz Global Corporate & Specialty (France).

10. The Petitioner further requests that such relief apply generally to all of these Chapter 15 Cases and that any pleadings filed after the date hereof bear the following joint administration caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re                                                       :
                                                            :  Chapter 15
Petition of David McGuigan, as foreign                      :
representative of                                           :  Case No. 10-14990 (___)
                                                            :
Allianz Global Corporate & Specialty (France),              :  (Jointly Administered)
Allianz IARD,                                               :
Delvag Luftfahrtversicherungs-AG, and                       :
Nürnberger Allgemeine Versicherungs-AG                      :
                                                            :
Debtors in a Foreign Proceeding.                            :
------------------------------------------------------------ x

11. In addition, the Debtors seek the Court's authorization to have a notation substantially similar to the following notation entered on the docket of each of the Scheme Companies' Chapter 15 Cases to reflect the joint administration of these cases:

> "An Order has been entered in this case directing the procedural consolidation and joint administration of these Chapter 15 Cases of Allianz Global Corporate & Specialty (France), Allianz IARD, Delvag Luftfahrtversicherungs-AG, and Nürnberger Allgemeine Versicherungs-AG. The docket in Case No.10-14990 ( ) should be consulted for all matters affecting this case."

## JOINT ADMINISTRATION IS WARRANTED

12. Section 1519 of the Bankruptcy Code permits this Court upon the filing of a petition under chapter 15 to grant relief, including appropriate relief under section 1521(a)(7) of the Bankruptcy Code, where "urgently needed to protect the assets of the debtor or interests of creditors." 11 U.S.C. § 1519. Section 1521(a)(7) of the Bankruptcy Code permits this Court, upon the request of a foreign representative to grant any "additional relief that may be available to a trustee," which would include joint administration. 11 U.S.C. § 1521. The Petitioner respectfully submits that joint administration of the Debtors' Chapter 15 Cases is necessary to protect the assets of the Scheme Companies and the interests of creditors.

13. By separate application, the Petitioner intends to request, in accordance with section 1517 of the Bankruptcy Code, that this Court set a date for the hearing on the Petitions and request for recognition of the Scheme Companies' Schemes, a permanent injunction and related relief at the earliest time possible, preferably on either November 8 or November 9, 2010.

14. Bankruptcy Rule 2002(q)(1) provides that parties are to be given 21 days' notice of a hearing to consider granting the relief requested in a chapter 15 petition. See Bankruptcy Rule 2002(q)(1). In order to ensure that the Scheme Companies, Scheme Creditors and other parties-in-interest have proper and sufficient notice (including by way of publication) of the hearing to consider recognition, the Petitioner respectfully submits that the relief requested

is urgently needed.

15. Joint administration of these cases will avoid considerable unnecessary time and expense, by obviating the necessity for preparing and filing duplicative motions, requesting duplicate orders and forwarding duplicate notices to creditors and other parties- in-interest in these Chapter 15 Cases, thereby saving the Debtors considerable expense and resources. Many of the motions, hearings, and orders in these Chapter 15 Cases will affect all of the Debtors.

16. In addition, joint administration will be less expensive and more efficient than the separate administration of the Scheme Companies' Chapter 15 Cases because joint administration will permit the Court to use a single docket for all these Chapter 15 Cases and to combine notices to Scheme Creditors and other parties-in-interest of the Scheme Companies. Indeed, due to the nature of these cases, the Petitioner anticipates that numerous pleadings in these Chapter 15 Cases will affect all of the Debtors and their Scheme Creditors. Thus, joint administration will avoid a duplicative and potentially confusing filing process.

17. Furthermore, the joint administration of these cases will not prejudice or adversely affect the rights of the Debtors' respective Scheme Creditors because the Motion requests only administrative consolidation of these cases. The Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Further, supervision of the administrative aspects of these Chapter 15 Cases by the United States Trustee for the Southern District of New York (the "U.S. Trustee") will be simplified.

18. Based on the foregoing, the Petitioner submits that the relief requested is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

## MEMORANDUM OF LAW

19. Pursuant to Local Bankruptcy Rule for the Southern District of New York 9013-1(b), because there are no novel issues of law presented herein, the Petitioner respectfully requests that the Court waive the requirement that the Petitioner file a memorandum of law in

support of this Motion.

## **NOTICE**

20. The Petitioner requests that the Court grant this Motion without notice to creditors. The Petitioner will serve notice of the entry of the signed order approving this motion on Scheme Creditors of the Scheme Companies and other parties in interest located in the United States. In light of the nature of the relief requested, the Petitioner submits, and requests that this Court hold, that no further notice is required.

## **NO PRIOR REQUEST**

21. The Petitioner has not previously sought the relief requested herein from this or any other Court.

*[The remainder of this page is intentionally left blank.]*

WHEREFORE, the Petitioner respectfully requests that the Court enter an order, in substantially the form attached hereto as <u>Exhibit A</u>, (i) directing the joint administration of the Debtors' Chapter 15 Cases pursuant to 11 U.S.C. §1521 of the Bankruptcy Code, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: September 22, 2010          SIDLEY AUSTIN LLP
      New York, New York


By: /s/ Lee S. Attanasio
Lee S. Attanasio
Alex R. Rovira
Debra W. Minoff
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

*Attorneys for the Petitioner*